The Honorable David Gibbons Prosecuting Attorney, Fifth Judicial District Post Office Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for an opinion on the following:
 I have been asked to seek your opinion regarding the expiration of the current term of a member of the River South Rural Water District Public Facilities Board which was created under the authority of ACA 14-137-101, et seq. The facts which give rise to the request are as follows:
 1) Harley Jones was serving as the Chairman of the River South Rural Water District Facilities Board (hereinafter known as the Board).
 2) His term expired on the 31st of December 2005. At least 60 days prior thereto, by virtue of a letter from the Board's manager, Scott Accord, Franklin County Judge Joe Powell was apprised that the Board was submitting its list of three "successor nominees" to occupy the vacant seat in keeping with ACA 14-137-108(a)(3)(B)(ii). The three successor nominees in order were as follows:
a) Harley Jones, the current board member;
b) Joe Stroub;
c) J.C. "Jake" Patterson.
 A copy of that letter is attached hereto and marked as Exhibit" A".
 3) The issue of Mr. Jones replacement appeared on the Quorum Court's agenda at its regularly scheduled meeting for January which took place on the 12th
of January 2006. Judge Powell accepted the Board's recommendation and nominated Mr. Jones to succeed himself. The clerk conducted a role call vote of the Justices which resulted in four voting for Mr. Jones and four against. One of the JP's was absent.
 4) When Judge Powell attempted to move on to the next name on the list of candidates, Joe Stroub, a JP suggested that in view of the prior vote, the matter could not be considered again. Judge Powell acquiesced and there was no opposition to "tabling" the matter until a later date. As a result, it appears that Mr. Jones will continue as a board member until his successor is elected and qualified pursuant to ACA 14-137-108.
I would appreciate it if you would give your opinion as to the following issues:
 1) Given the fact that the Board submitted three names, the first of which was appointed by Judge Powell and rejected by the Quorum Court, may the Judge immediately submit the second, and if necessary, the third nominee for confirmation by the Quorum Court?
 2) AG opinion 2005-142 which appears to be almost directly on point, makes reference in the third paragraph of the response portion of the opinion that the [legislative body] must confirm the appointment by a two-thirds vote. Does confirmation require two-thirds vote or will a simple majority suffice?
RESPONSE
In response to your first question, in my opinion there is no prohibition under either Arkansas law or traditional rules of parliamentary procedure to a subsequent appointment for confirmation placed before the quorum court following a failed appointment of a different nominee. Any pertinent local procedural rules adopted pursuant to A.C.A. § 14-14-904(e) (Supp. 2005) and the exact wording of any formally adopted agenda of the quorum court would need to be consulted for the specific procedural steps required. In response to your second question, I have more recently discussed the confirmation requirement with regard to a county planning board in Op. Att'y Gen. 2006-017, where I concluded that a quorum court properly confirms an appointment by means of a simple-majority of the whole court in a resolution.
Question One: Given the fact that the Board submitted threenames, the first of which was appointed by Judge Powell andrejected by the Quorum Court, may the Judge immediately submitthe second, and if necessary, the third nominee for confirmationby the Quorum Court?
As recounted in your request for an opinion, the agenda issue before the quorum court was to appoint a successor to Mr. Jones on the River South Rural Water District Public Facilities Board ("Board"). The quorum court failed to confirm Mr. Jones to succeed himself. The county judge attempted to put forth another nomination immediately following this. In my opinion, unless a local rule of procedure of the quorum court established under A.C.A. § 14-14-904(e) precludes such action, the county judge may submit a second nomination to the quorum court for confirmation following the failure of a preceding motion.
The Arkansas Code is sparse on describing the procedural requirements for filling expired seats on a public facilities board. The Code simply requires that the county judge "nominate" the successor member and that the quorum court "approve" the nomination for it to be effective. A.C.A. §14-137-108(a)(3)(B)(i) (Supp. 2005); see also Op. Att'y Gen.2005-142. A quorum court may adopt local rules of procedure to govern its meetings where the Arkansas Code does not provide procedural guidance under A.C.A. § 14-14-904(e) ("Except as otherwise provided by law, the quorum court of each county shall determine its rules of procedure. . . ."). Absent a codified procedure or a local procedural rule pursuant to A.C.A. §14-14-904(e), the standard rules of parliamentary procedure would apply. See, e.g., Op. Att'y Gen. 2004-326. As noted above, the Arkansas Code provides only the barest of descriptions of the procedure to nominate and confirm successor members of a public facilities board. I have not been provided with any information regarding whether the Franklin County quorum court has adopted any local procedural rules per A.C.A. § 14-14-904(e).
As noted above, in the absence of statutory guidance or local procedural rules, standard rules of parliamentary procedure will apply, such as Roberts Rules of order. Op. Att'y Gen. 2004-326. Customary parliamentary procedure does not directly address the issue presented in your request for an opinion. Parliamentary questions, however, are often fact specific and slight variations on facts can create divergent parliamentary situations. Generally speaking a parliamentary body may only address the topic of a motion once in a given meeting. See, e.g., Robert's Rules of Order Newly Revised (10th Edition) ("RONR"), pg. 325, l. 6-12 (Perseus Publishing, 2000); and S. Comm. on Rules and Administration, Standing Rules of the Senate ("SenateRules"), Rule XIII, reconsideration (April 27, 2000). This does not, necessarily, prohibit a second motion substantively different from the first on a similar issue. To revisit the issues otherwise disposed of in a previous motion, a motion to reconsider a vote or rescind an action would be required. Id.
For example, in the situation you have described in your request for an opinion, the county judge could not have put forth the same nomination a second time at the quorum court meeting because the confirmation of Mr. Jones was already considered by the quorum court. This rule, however, would not prohibit the county judge from putting forth the nomination of Mr. Stroub because the topic of the motion, confirmation of Mr. Stroub, had not been addressed in the previous motion for the confirmation of Mr. Jones.
If the quorum court formally adopted an agenda for the meeting, the wording of the agenda item may have had an impact on the situation you have described. If, for example, the agenda were worded generally to deal with the nomination of a chairman for the Board, a subsequent motion would not be necessarily prohibited. If, however, the agenda were more specific, for example regarding the nomination of Mr. Jones as chairman of the Board, application of RONR would require the quorum court to pass an amendment to the agenda previously adopted to entertain a subsequent motion nominating someone other than Mr. Jones to the Board. See generally, RONR, pgs. 293-299.
In my opinion, in the absence of a local rule or any agenda issue, there is no legal or parliamentary prohibition that would preclude a county judge from nominating a second person to the River South Rural Water District Public Facilities Board subsequent to the quorum court failing to confirm the initial nominee. Factually specific questions, such as whether there are any local procedural rules adopted pursuant to A.C.A. §14-14-904(e) and the exact wording of the formally adopted agenda of the quorum court, may result in different procedural requirements for the situation you have described.
Question Two: AG opinion 2005-142 which appears to be almostdirectly on point, makes reference in the third paragraph of theresponse portion of the opinion that the [legislative body] mustconfirm the appointment by a two-thirds vote. Does confirmationrequire two-thirds vote or will a simple majority suffice?
I have recently discussed the issue of confirming appointments on a county planning board in Op. Att'y Gen. 2006-017. In my opinion, as discussed more fully in Op. Att'y Gen. 2006-017, a simple majority of the total number of members of the quorum court is required to confirm a nominee by means of a resolution. To the extent that Op. Att'y Gen. 2005-142 concludes to the contrary, it is hereby superseded.
I have enclosed a copy of Op. Att'y Gen. 2006-017 for your convenience.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
Enclosure